# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMERICAN VEHICLE INS. CO.** | * | **DOCKET NO. 11 CV 229** |
| | * | |
| | * | **CIVIL ACTION** |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE RALPH E. TYSON** |
| **KENNETH ADAMS D/B/A K&D** | * | |
| **REFINISHING SERVICES AND** | * | |
| **SOUTHGATE RESIDENTIAL** | * | |
| **TOWERS, LLC and SOUTHGATE** | * | **MAGISTRATE DALBY** |
| **PENTHOUSES, LLC** | * | |

**************************************************************************

## MEMORNADUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants, **SOUTHGATE RESIDENTIAL TOWERS, LLC** and **SOUTHGATE PENTHOUSES, LLC** (collectively referred to herein as "Southgate") present their Memorandum in Support of the Motion to Dismiss the lawsuit of Plaintiff, American Vehicle Insurance Company ("American Vehicle") with prejudice. American Vehicle has filed this suit in an effort to avoid the jurisdiction of two lawsuits currently pending in the Louisiana Nineteenth Judicial District Court that are dealing with all of the issues arising out of the defective construction at Southgate, including the issues that are the subject of this litigation. The first lawsuit is entitled *"M&R Drywall, Inc. v. MAPP Construction, LLC c/w Southgate Residential Towers, LLC, et al. v. MAPP Construction, LLC, et al."*, Docket No. 529351 c/w and 550534, pending before Judge Fields, which was filed against the subcontractors on the Southgate Project and their insurers on December 19, 2006 (the "Fields Suit").[1] The second

---

[1]The Louisiana Direct Action Statute precludes an insurance company from participating in an arbitration because it requires that those issues be litigated in a court proceeding. La. R.S. 22:1269; *Doucet v. Dental Health Plans Management Corporation*, 412 So.2d 1383 (La.1982). For this reason, the Louisiana First Circuit Court of Appeals stayed the Judge Fields action against the insurers until the arbitration proceeding was completed. The stay was lifted by the First Circuit on May 27, 2011. (**Exhibit A**).

pending lawsuit is the proceeding filed with Judge Hernandez entitled "*Southgate Penthouses, LLC and Southgate Residential Towers, LLC v. MAPP Construction, Inc.*," Docket No. 548119, Section 27, in which all parties to the arbitration have participated and in which various parties have moved to confirm or vacate the award rendered by the Arbitration Panel in its award dated December 20, 2010 (the "Hernandez Suit").[2]  Rather than be bound by these proceedings, American Vehicle, the insurer for K&D, has filed this lawsuit in federal court.

As more fully described in Southgate's Memorandum in Support of this Motion, the action filed by American Vehicle should be dismissed for the following reasons:

1.     This Court has previously addressed the same issue in the cases entitled "*Bankers Ins. Co. v. Southgate Residential Towers, LLC et al.*", Docket 07-CV-84, U.S. District Court, Middle District of Louisiana and "*MAPP Construction, LLC v. M&R Drywall, Inc.*", Docket 07 CV 907, U.S. District Court, Middle District of Louisiana, in which renegade insurance companies have tried to break out of the Southgate state court proceedings and start an action in federal court after the action has been pending in state court for five years.  Just as in the *Bankers Ins. Co.* and *MAPP Construction* cases, this action should be dismissed so that the arbitration awards may be enforced against the arbitration participants and their insurer, American Vehicle, in the two pending state court proceedings. [3]

2.     Complete diversity as required by 28 U.S.C. § 1332 is not present and this matter should be dismissed for lack of subject matter jurisdiction. Southgate has been the plaintiff in all actions filed in state court against MAPP Construction, LLC and multiple subcontractors.[4] As a matter of Louisiana law, the insurer and its insured are solidarily liable to Southgate for damages arising

---

[2]The hearing was held before Judge Hernandez on June 20, 2011and the parties are awaiting final rulings.
[3]The ruling of this Court in the *MAPP Construction* case was appealed to the U.S. Fifth Circuit Court of Appeals and the judgment was affirmed. *MAPP Construction, LLC v. M&R Drywall, Inc.*, 2008 WL 4344953 (5th Cir. 2008). Just as in *MAPP Construction, LLC v. M&R Drywall, Inc., supra*, this Court should elect to dismiss this action.
[4]See the Fields Suit with Amendments at **Exhibit F** and the Hernandez Suit at **Exhibit G**.

from any construction defects. Since Southgate is the true plaintiff in the litigation, and Kenneth Adams d/b/a K&D Refinishing Services is a defendant, complete diversity does not exist between Southgate and American Vehicle's insured, Kenneth Adams d/b/a K&D Refinishing Services, a Louisiana resident, and, as a result, this case should be dismissed based upon the requirements of 28 U.S.C. § 1332(c)(1).

3.     This Honorable Court should exercise its discretion to dismiss American Vehicle's actions pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202. Southgate obtained a $302,478.97 judgment against American Vehicle's insured, K&D, in the Arbitration Award on December 20, 2010 in the four year arbitration proceeding entitled *In re Matter of Arbitration of MAPP Construction, LLC and Southgate Penthouses, LLC and Southgate Residential Towers, LL,* Case No. 69110J0992906. As previously noted, Southgate's claims against multiple insurers to enforce the arbitration award are pending in the state court Fields Suit. In addition, as noted, the court in the Hernandez Suit is currently considering a motion to confirm the arbitration award against K&D. Southgate made written demand upon American Vehicle to pay the judgment in full on January 10, 2011. Instead of defending in the Fields Suit or the Hernandez Suit, American Vehicle brought this lawsuit in an attempt to preempt claims by the true plaintiff, Southgate, to disrupt a multi-party litigation currently ongoing in Louisiana state court, and for purposes of forum shopping. Southgate's lawsuit involving some fifty parties, currently pending in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, is the substantive action involving the construction defects found in the Southgate Towers project. American Vehicle does not, nor can it, seek affirmative relief against Southgate and accordingly, this Honorable Court should dismiss this action in its entirety.

## FACTUAL BACKGROUND

Southgate filed suit against multiple subcontractors and their insurers for damages arising out of construction defects at the Southgate Project in the case entitled *"M&R Drywall, Inc. v. MAPP Construction, LLC c/w Southgate Residential Towers, LLC, et al. v. MAPP Construction, LLC, et al."*, Docket No. 529351 c/w and 550534 on December 19, 2006 (the "Fields Suit"). The lawsuits against the insurers were stayed by the First Circuit Court of Appeal and the stay was affirmed by the Louisiana Supreme Court until the arbitration between Southgate, MAPP Construction LLC ("MAPP," the general contractor on the Project) and the subcontractors was completed.[5] The Southgate Arbitration Proceeding commenced on June 14, 2010. On December 20, 2010, a $302,478.97 judgment was rendered against K&D, American Vehicle's insured.  On January 10, 2011, Southgate notified American Vehicle of the final Arbitration Award rendered against K&D totaling $302,478.97.[6]  On February 1, 2011, Southgate filed a "Motion to Confirm Final Arbitration Award against Kenneth Adams d/b/a K&D Refinishing Services" in *Southgate Penthouses, LLC and Southgate Residential Towers, LLC v. MAPP Construction, LLC,* Docket No. 548119, Sec. 27, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (the "Hernandez Suit").[7] On April 7, 2011, American Vehicle brought this present action.

American Vehicle has filed the present suit in an attempt to preempt claims by the true plaintiff, Southgate, to disrupt a multi-party litigation currently ongoing in Louisiana state court, and for purposes of forum shopping. American Vehicle does not, nor can it, seek affirmative

---

[5] The name of the arbitration proceeding is *In re Matter of Arbitration of MAPP Construction, LLC and Southgate Penthouses, LLC and Southgate Residential Towers, LL,* Case No. 69110J0992906. ("Arbitration Proceeding").

[6] See **Exhibit B**, January 10, 2011 correspondence to American Vehicle from Southgate's counsel.

[7] The Hernandez Suit was brought by Southgate to deal with discovery issues relating to the Arbitration Proceeding and to enforce the rulings and judgments issued by the Arbitration Panel in the Arbitration Proceeding.  A hearing was held on June 20, 2011 on Southgate's "Motion to Enforce Final Arbitration Award against Kenneth Adams d/b/a K&D Refinishing Services" relating to the judgment obtained against K&D in the Arbitration Proceeding. (**Exhibit C**).

relief against Southgate. Despite the fact that counsel for American Vehicle was aware that this "renegade insurer" approach has been dismissed in the past in three prior rulings by this Court and the U.S. Fifth Circuit Court of Appeals, it still ignored these rulings and filed this action in federal court. Why does American Vehicle believe it has the right to proceed in state court when every other insurer who has not settled is in state court?[8]

Southgate entered into two construction contracts with MAPP in connection with the construction of a multi-unit apartment and condominium complex located in East Baton Rouge Parish, Louisiana known as Southgate Towers (the "Project" or "Southgate Project"). MAPP executed Subcontractor Agreements with various subcontractors for different aspects of the Project, including a contract with Kenneth Adams d/b/a K&D Refinishing Services. (**Exhibit H**).

The disputes between Southgate, MAPP and the subcontractors regarding the Project have spawned various lawsuits pending in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana as well as the Arbitration Proceeding that lasted some four years and which was tried last June 2010 to October 2010 in Baton Rouge, Louisiana.

On December 20, 2010, the Arbitration Panel issued a judgment in favor of Southgate and against K&D in the Arbitration Proceeding in the amount of $302,478.97. On January 10, 2011, Southgate provided notice to American Vehicle of the $302,478.97 judgment obtained against K&D in the Arbitration Proceeding. (**Exhibit B**). On February 1, 2011, Southgate then proceeded with filing its "Motion to Enforce Final Arbitration Award against Kenneth Adams

---

[8] Alea London Limited also filed a declaratory judgment in the action entitled *"Catalina London Limited , formerly known as Alea London Limited v. Rust Busters, Southgate Residential Towers, LLC and Southgate Penthouses, LLC,"* Docket No 11 CV 350, U.S. District Court, Middle District of Louisiana. This declaratory action was filed on May 26, 2011. Just like American Vehicle, Alea London Limited has a judgment rendered against its insured in the amount of $302,478.97 in the Arbitration Proceeding. A Motion to Transfer the Alea London case to Judge Tyson's division has been simultaneously filed this day.

d/b/a K&D Refinishing Services" in the Hernandez Suit. (**Exhibit C**). On April 7, 2011, American Vehicle then initiated this instant lawsuit against Southgate and K&D in an attempt to preempt any suit by Southgate.

On June 6, 2011, after the extensive stay in place due to the Arbitration Proceeding was partially lifted by the Louisiana First Circuit Court of Appeals (**Exhibit A**), Southgate filed its Motion For Leave to file its Fifth Amending Petition in the Fields Suit, naming the additional insurers and subcontractors who it was unable to previously name in the Fields Lawsuit due to the stay in place because of the Arbitration Proceeding.[12] Now, the Fields Suit has at issue the allocation of damages between relevant parties who worked on the Project, and their insurers. In the Fields Suit, all affected parties will be able litigate the issues of fact and law so that a consistent determination of fault can be made between the relevant parties and that there will be a consistent interpretation of the law. American Vehicle is attempting to disrupt this with the present suit.

## LAW AND ARGUMENT

### A.    STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. *J.I. v. Beauregard Parish School Bd.*, 2008 WL 2340214, 1 (W.D. La. 2008) citing FED.R.CIV.P. 12(b)(1). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be raised at any time, including before a responsive pleading is due. *J.I. v. Beauregard Parish School Bd.*, *supra,* citing BAICKER-MCKEE ET AL. FEDERAL CIVIL RULES HANDBOOK 354, 359 (2008). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases:

---

[12]See Southgate's Motion for Leave and Fifth Amendment to Petition for Damages attached as **Exhibit D**.

(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *J.I. v. Beauregard Parish School Bd.*, *supra*, citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001) (citing *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995)).

**B.**  **This Court and the U.S. Fifth Circuit Court of Appeals have previously addressed these same issues arising out of the Southgate Project on three occasions.**

    **1.**  **Bankers Insurance Lawsuit**

The Honorable Ralph Tyson has previously addressed an almost identical motion to dismiss arising out of the Southgate litigation in Louisiana state district court in *Bankers Ins. Co. v. Southgate Residential Towers, LLC et al.*, Docket 07-CV-284, U.S. District Court, Middle District of Louisiana. In that case, Bankers Ins. Co. filed a complaint on May 7, 2007 against Southgate seeking a declaratory judgment under 28 U.S.C. § 2201 that no coverage existed under the Bankers' policy issued to its subcontractor, Galon Durand d/b/a Interior Trim Unlimited ("Durand"), for construction defects in Durand's work at the Southgate Project.

Southgate filed a motion to dismiss Bankers' federal declaratory judgment complaint requesting that the Court exercise its authority to dismiss the lawsuit (i.) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202 and (ii.) because of lack of complete diversity based upon a realignment of parties.[9] Upon reviewing this motion, the Court then ordered Bankers to show cause and file a brief on why its insured contractor, MAPP, and

---

[9]Since Southgate was the plaintiff in all of the state court actions and the Arbitration Proceeding, the court realigned the parties for Southgate to be the Plaintiff and the insurer and the insured were the defendants. The claim could not have been brought in federal court as Southgate would have been required to name Bankers' insureds under the Louisiana Direct Action Statute, La. R.S. 22:1269 formerly La. R.S. 22:655, and Bankers would take on the citizenship of its insureds pursuant to 28 U.S.C. § 1332(c)(1), making all parties to this litigation Louisiana residents.

subcontractor, Durand, should not be added as parties to the case, which would destroy diversity jurisdiction and cause the court to lose jurisdiction (See Docket 07-CV284 at Doc. Entry No. 12).

At oral arguments on December 18, 2008, the motion to dismiss filed by Southgate was granted by Judge Tyson and the case was dismissed based upon lack of subject matter jurisdiction following the realignment of parties in the case. (See **Exhibit E**, Docket 07-CV284 at Entry Nos. 24 and 25.)

    2.    **MAPP Arbitration Lawsuit**

This Honorable Court has likewise refused to exercise jurisdiction in another case entitled, "*MAPP Construction, LLC v. M&R Drywall, Inc.*," Docket 07 CV 907, U.S. District Court, Middle District of Louisiana, which was also related to the Southgate litigation pending in Louisiana state district court. The question presented was what role, if any, the federal court could exercise in reviewing the state court rulings on arbitration. On April 4, 2008, this Court ruled that it lacked jurisdiction under the *Rooker Feldman* doctrine, as MAPP was seeking review of the ruling of the Louisiana state courts, which ordered that M&R did not have to participate in the Arbitration Proceeding. (See Doc. Entry No. 23, in Docket 07 CV 907, where Judge Parker dismissed MAPP's federal court claims against M&R.) See also *MAPP Construction, LLC v. M&R Drywall, Inc.*, 2008 WL 9389361 (M.D. La. 2008). Further, on September 24, 2008, the U.S. Fifth Circuit Court of Appeals, upheld the dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine, which precludes federal courts jurisdiction over cases where state court losers attempt to complain of injuries from state court judgments occurring before the federal district court cases are commenced. See *MAPP Construction, LLC v. M&R Drywall, Inc.*, 2008 WL 4344953 (5th Cir. 2008).

Similarly, the declaratory judgment sought in this case by American Vehicle will inevitably lead to this Court reviewing and interpreting the factual findings that were made against K&D in the Arbitration Proceedings. The Court's interpretation of the facts, the scope of the coverage, and issues of law may be inconsistent with the interpretation of the state court leading either to a gap in coverage, which was not intended or excessive coverage between the multiple insurers. The only way that the insurance coverage can be properly aligned and interpreted is for all of the insurers to be in one proceeding.

Just as this Court has previously ruled it lacked jurisdiction over the MAPP Federal Court Case, this Honorable Court should likewise dismiss this instant lawsuit filed by American Vehicle against Southgate based upon lack of jurisdiction to hear these claims and American Vehicle's attempt to hijack the Southgate state court litigation.

### 3.    **Conclusion**

The reasons for the dismissals in *Bankers Ins. Co.*, *supra*, and *MAPP Const.*, *supra*, are equally present in this matter.  There is a present pending state court action where all the parties, both subcontractors and insurers are present.[10]  Any other ruling other than the ruling adopted by

---

[10]Fifty-one commercial general liability insurance carriers were originally named as defendants in the Fields Lawsuit including: Amerisure Mutual Insurance Company, Westfield Insurance Company, Crum & Forster Specialty Insurance Company, Scottsdale Insurance Company, Bituminous Fire and Marine Insurance Company, Bituminous Casualty Corporation, National Union Fire Insurance Company, Indian Harbor Insurance, Transportation Insurance Company, Valley Forge Insurance Company, Zurich American Insurance Company, Clarendon America Insurance Company, First Mercury Insurance Company, Gray Insurance Company, Travelers Indemnity Company of Illinois, Travelers Property and Casualty Company of America, Trinity Universal Insurance Company of Kansas, Inc., Northern Insurance Company of New York, Clarendon America Insurance Company, First Financial Insurance Company, RLI Insurance Company, Bankers Insurance Company, Netherlands Insurance Company, America First Insurance Company, Travelers Lloyds Insurance Company, Employers Mutual Casualty Company, American Empire Surplus Lines Insurance Company, Lafayette Insurance Company, Columbia Casualty Company, Lexington Insurance Company, Illinois Union Insurance Company, Owners Insurance Company, Admiral Insurance Company, Continental Casualty Company, Great American Insurance Company, Royal Surplus Lines Insurance Company, Landmark American Insurance Company, Travelers Indemnity Company of America, The North River Insurance Company, American International Insurance Company, American International Specialty Lines Insurance Company, The Ohio Casualty Company, American Guarantee & Liability Insurance Company, Travelers Indemnity Company of Connecticut, First Specialty Insurance Company, Empire Indemnity Insurance Co., Auto Owners Insurance Company, America First Lloyds Insurance Company, Atlantic Casualty Insurance Company, Transcontinental Insurance Company, and United National Insurance Company.

this court in the *Bankers Insurance Case* and *MAPP Arbitration Case* will result in all the remaining insurers in the state court litigation running to federal court to conclude the arbitration which has been ongoing for five years in state court. This will lead to an abysmal problem. The merits of the litigation and the enforcement of the judgment will remain in state court, and the same factual issues relating to coverage will be re-litigated for another five years in federal court. This would be a severe injustice to Southgate which has already spend millions of dollars litigating this claim

**C.    A Realignment of Parties in this Case Results in a Lack of Subject Matter Jurisdiction and Dismissal of American Vehicle's Claims**

In all of the state court proceedings and the Arbitration Proceedings, Southgate is the plaintiff and each of the insurers and its insureds are defendants. As a matter of law, the insurer and insured should be aligned together because they are (1) solidary liable and (2) the insurer takes on the citizenship of the insured under the Louisiana Direct Action Statute, La. R.S. 22:1269.

In this case, Southgate, a Louisiana limited liability company, and K&D are both considered Louisiana residents.   American Vehicle takes on the citizenship of its insured, Kenneth Adams d/b/a K&D Refinishing Services. Thus, when properly aligned, this case is one of Louisiana citizen versus Louisiana citizen.  There is no diversity for purposes of 28 U.S.C. 1332 and must be dismissed.

In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a "duty" to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Griffin v. Lee*,  621 F.3d 380, 388 (5th Cir. 2010) *citing City of Indianapolis v. Chase Nat'l Bank of City of N.Y.,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (internal quotation omitted).

> In this Circuit, "[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1178 (5th Cir.1984) (citation omitted). "[W]hen it relates to jurisdiction, it is [this Court's] duty to notice proper alignment and apply proper realignment *sua sponte* on appeal, and that such realignment is to be determined according to 'the principal purpose of the suit and the primary and controlling matter in dispute.' " *Id.* at 1178 (citation omitted).

*Griffin v. Lee,* 621 F.3d 380, 388 (5th Cir. 2010).

The principal purpose of the lawsuit filed over five years ago by Southgate against the subcontractors and their insurers, as well as the Arbitration Proceeding and resulting Award, is for Southgate to collect the funds necessary to repair its buildings. Two defendants, K&D and American Vehicle, are solidary obligors under the Louisiana Direct Action Statute for $302,478.97 of the repair costs.[11] In determining whether to realign parties, the court must look beyond the pleadings to arrange the parties according to their interest in the suit. *Commercial Computer Services v. Datapoint Corp.,* 641 F.Supp. 1579, 1581 (M.D.La.,1986) citing *City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905); *Fidelity and Deposit Co. of Maryland v. Sheboygan Falls,* 713 F.2d 1261 (7th Cir.1983); Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3607 (1984).

---

[11] *Waguespack v. Richard Waguespack, Inc.,* 2006-0711, 4 (La. App.1st Cir. 2/14/07), 959 So.2d 982, 985. ("Louisiana Revised Statute 22:655, [now 22:1269(b)] the Direct Action Statute, expressly states that a liability insurer and its insured are solidarily liable to the tort victim. *See* La. R.S. 22:655(B)(1). *Sumrall v. Bickham,* 03-1252, pp. 9-10 (La. App. 1st Cir. 9/8/04), 887 So.2d 73, 79." ) See also *Morvan v. Moore,* 43,904 , 5 (La. App. 2nd Cir. 1/21/09), 2 So.3d 1204, 1207.

Southgate has been the plaintiff in this litigation for five years. The subcontractors have all been defendants in the Fields Suit and the Hernandez Suit. Each of the subcontractor insurers have been defendants in the Fields Suit. The insurer is solidary liable with its insured as a matter of law under La. R.S. 22:1269(b) for the cost to repair the damage from the construction defects. Southgate is domiciled in Louisiana and K&D is domiciled in Louisiana. In this case, a realignment of the parties where Southgate is the "true" plaintiff shows that complete diversity does not exist as required by 28 U.S.C. 1332 and dismissal is required.

**D.  This Court Has Discretion Not to Hear Actions Brought Under the Declaratory Judgment Act**

The decision whether to entertain a declaratory judgment action under 28 U.S.C. § 2201 is within this Honorable Court's discretion. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, does not confer jurisdiction. It is merely "a procedural device designed to provide a new remedy to the federal court arsenal." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir.1983), citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-240, 57 S.Ct. 461, 463-464, 81 L.Ed. 617 (1937). Section 2201 makes it clear that a federal court is not required to declare the rights of the parties; rather, it is a matter for the Court's discretion whether to decide a declaratory judgment action. *Id.*

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court admonished district courts to exercise caution when deciding to proceed with a declaratory action when a similar state court action was pending:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.*, 316 U.S. at 495, 62 S.Ct. at 1175-76.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Massachusetts Bay Ins. Co. v. Lewis,* 2011 WL 1261145, 2 (M.D.La.2011) citing *Sherwin–Williams Co. v. Holmes County,* 343 F.3d 383, 389 (5th Cir.2003) (internal citations omitted). The United States Court of Appeals for the Fifth Circuit has held that it is "well-settled" that a district court has broad "discretion over whether to decide or dismiss a declaratory judgment action." *Travelers Ins. Co. v. La Farm Bureau Fed'n.,* 966 F.2d 774, 778 (5th Cir.1993). In *Orix Credit Alliance, Inc. v.. Wolfe,* 212 F.3d 891, 895 (5th Cir.2000), the Fifth Circuit set out a three-step inquiry for a district court to apply when considering a declaratory judgment suit: (1) the court must determine whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) how to exercise its broad discretion to decide or dismiss the action. *See also Sherwin–Williams Co.,* at 387 (5th Cir.2003).

The Fifth Circuit expressed the *Brillhart* factors in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994), and identified seven non-exclusive factors to guide a district court's exercise of discretion to accept or decline a declaratory action. These factors were most recently applied by Judge Jackson, of the United States District Court for the Middle District of Louisiana in the case of *Massachusetts Bay Ins. Co. v. Lewis,* 2011 WL 1261145, 4 (M.D. La. 2011).

The *Trejo* factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)    whether the federal court is a convenient forum for the parties and witnesses;

(6)    whether retaining the lawsuit would serve the purposes of judicial economy; and

(7)    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See Sherwin–Williams,* 343 F.3d at 388.

All factors point to the dismissal of this case by this Honorable Court.

**1.    There is a State Court Proceeding which will Litigate All Issues.**

Two lawsuits are pending in Louisiana state court that will directly impact the subject of this litigation, the Fields Suit and the Hernandez Suit. In the Fields Suit, which was filed against the subcontractors and their insurers on December 19, 2006, the claims against the subcontractors and the insurers are pending.[12] In the second pending lawsuit, the Hernandez Suit, all parties to the arbitration have participated and in which various parties have moved to confirm or vacate award rendered by the Arbitration Panel in its award dated December 20, 2010.[13] Rather than be bound by the proceeding, American Vehicle, the insurer for K&D, has filed this suit in federal court.

Declaratory judgment relief may be denied because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated. *Torch, supra*, at 194. As shown above, Southgate has sued American Vehicle in state court in the Damages Lawsuit in the Fifth Amended Petition for Damages. (**Exhibit E**). In that action, Southgate filed

---

[12] The Direct Action Statute precludes an insurance company from participating in an arbitration because it requires that those issues be litigated in a court proceeding. La. R.S. 22:1269; *Doucet v. Dental Health Plans Management Corporation*, 412 So.2d 1383 (La.1982). For this reason, the First Circuit stayed the action against the insurers until the arbitration proceeding was completed. The stay was lifted by the First Circuit on May 27, 2011. (**Exhibit A**).
[13] The hearing was held before Judge Hernandez on June 20, 2011and the parties are awaiting final rulings.

a claim on, among other things, the American Vehicle policy of insurance and for damages. The state court is the proper forum for this action. All parties are present in the state court proceeding, while only Southgate, K&D, and American Vehicle are present in this federal action. This Honorable Court should dismiss this lawsuit in favor of the Fields Suit because this broader suit, which includes the general contractor, all of its insurers and some of the subcontractors, will resolve all of the various issues between all parties. See, e.g., *La Casa S.A. de C.V. v. Latin American Energy Development, Inc.*, No. 98-3294, 1999 WL 239575 at *3 (E.D.La.1999) (noting that, because parallel proceeding involved additional parties, the other forum was "actually the superior forum for the litigation of the issues"). In contrast, the lawsuit now before this Honorable Court will not resolve all issues between the parties, just limited issues between American Vehicle and Southgate.

In the case of *Palmer v. Boucvalt*, 789 F.Supp. 211 (M.D. La. 1992), this Honorable Court, when confronted with a similar situation as the present, deferred to the state court proceedings and dismissed the declaratory action in which only some of the parties were involved. There, this Honorable Court stated, "[i]n short, the Court feels that judicial economy would best be served if all issues arising from plaintiff's accident were tried together in one lawsuit." Here, the same economy would be best served by allowing the state court action which involves all interested parties to move forward.

### 2. The Present Suit was filed in Anticipation of Southgate Adding American Vehicle to the Fields Lawsuit

Declaratory judgment relief may also be denied because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping. *Torch, supra,* at 194. As shown by the various correspondence attached to this memorandum, Southgate informed American Vehicle that it had obtained a $302,478.97 judgment against its

insured, K&D, in the Arbitration Proceeding and was moving forward with confirming that judgment in the Hernandez Suit (**Exhibits A and B**).    American Vehicle unilaterally decided to file the declaratory judgment action now before this Honorable Court.    From the facts of this case, it appears obvious that American Vehicle's filing of this action was an attempt to "forum shop" in anticipation of being added to the state court lawsuit.

In the case of *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir.1983), during settlement negotiations, Mission filed a declaratory judgment action against defendant, Puritan Fashions Corp., approximately three weeks before Puritan instituted a suit in another state. 706 F.2d at 600.    In response to Mission's suit, the Fifth Circuit stated, "Anticipatory suits are disfavored because they are an aspect of forum-shopping." Id. at 602 n. 3.    The facts of the *Mission* case are similar to the facts in this case.    Mission Insurance Company, like American Vehicle, was the insurance company which during communications between the parties, without warning, filed a federal declaratory action. *Id.* at 602.    The Fifth Circuit affirmed the trial judge's decision to dismiss the declaratory judgment action. *Id.* at 603.    Further, until the stay was lifted by the First Circuit, no action could be filed against any party to the arbitration proceeding.[14]

In *Rampart Air, Inc. v. Patton Electric, Inc.*, No. 91-2312, slip op. at 4 (5th Cir. Aug. 14, 1991) [942 F.2d 786 (table) ] (per curiam), the Court stated: "Importantly, we have declined to follow the first-to-file rule where, as here, the first-filed action is initiated in an apparent attempt to pre-empt anticipated litigation and deprive a party of its choice of forum." *Id.*, citing *Mission Ins. Co.,* 706 F.2d at 602 n. 3.

---

[14]American Vehicle actually violated the stay rendered by the First Circuit by filing a legal action against Southgate or K&D because both were parties to the Arbitration Proceeding.

In *Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985), Pacific sought a declaratory judgment action in New Orleans to avoid being sued in a Belgian Court. The district judge dismissed the declaratory judgment action and Pacific appealed claiming abuse of discretion by the trial court. In reviewing the trial court, the Fifth Circuit noted: "This Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping." *Id.* at 804 (citations omitted). The district court based its decision to dismiss on a finding that Pacific's declaratory judgment suit was filed in anticipation of another suit. Thus, the Fifth Circuit ruled that the district court did not abuse its discretion in refusing to hear the declaratory judgment action. *Id.* By the opinion in *Pacific*, the Fifth Circuit reinforced its earlier decision that declaratory judgment actions should not be used as device for procedural fencing.

Here, it is clear that American Vehicle is attempting to engage in procedural fencing. The arbitration award was rendered against its insured on December 20, 2010. Southgate sent American Vehicle a payment demand on January 10, 2011. (**Exhibit B**). With knowledge of the ongoing litigation in Louisiana state district court and the impending lifting of the state court stay with the conclusion of the Arbitration Proceeding, American Vehicle filed this declaratory judgment action in federal court. American Vehicle did this with the full knowledge of its counsel of the number of insurance claims that were pending in state court with other insurers, and the overlap of facts to each of the multiple insurers. Simply put, American Vehicle is attempting to beat Southgate to the punch, so as to avoid the no diverse situation of Southgate suing American Vehicle and its resident insured, K&D. If American Vehicle waited until Southgate sued in state court, American Vehicle -then a defendant-would not be able to remove.

Thus, American Vehicle misused the Declaratory Judgment Act in attempting to accomplish a "backdoor" removal.  Accordingly, Southgate suggests that this Honorable Court exercise its discretion here and dismiss American Vehicle's causes of action.  *Massachusetts Bay Ins. Co. v. Lewis*, 2011 WL 1261145, 4 (M.D. La. 2011).

3.    <u>**Whether Plaintiff Engaged in Forum Shopping in Bringing the Suit**</u>

A brief review of the facts of this case instantly shows that American Vehicle has clearly attempted to circumvent the jurisdiction of the state district court and is forum shopping by this federal court lawsuit it has initiated.   On January 10, 2011, Southgate' counsel informed American Vehicle of the judgment rendered against its insured, K&D, in the Arbitration Proceeding. (**<u>Exhibit B</u>**).  Southgate was unable to add either American Vehicle or its insured, K&D, to the Fields Suit due to the stay previously imposed by the First Circuit.  When Southgate filed its Motion to Confirm Final Arbitration Award against K&D before Judge Hernandez, American Vehicle then initiated this lawsuit on April 7, 2011 in an effort to forum shop before the First Circuit could lift the stay on the Fields Suit where American Vehicle knew Southgate would be adding it as a party.  This Court cannot and should not allow American Vehicle to hijack some five years of litigation in Louisiana state court by filing this coverage dispute in federal district court.

4.    <u>**It would be Inequitable to Permit American Vehicle to Gain Precedence in Time and Forum**</u>

As shown above, if this declaratory judgment action is allowed to proceed, American Vehicle will be allowed to potentially obtain factual and legal determinations, without consideration of all parties with an interest in the determinations and which could be adverse to its insured.  These factual and legal determinations American Vehicle seeks to make include determinations as to K&D's and Southgate's status as an insured under the American Vehicle's

policy, MAPP's liability for defects in the Project, the coverage provided to MAPP under the American Vehicle policy and other related issues. These determinations could be contrary to the determinations of the state court proceedings which involve all parties with an interest in this dispute. Further, because only a few parties are involved in the proceedings before this Honorable Court, there is a good likelihood that these determinations would occur much quicker than in the state court proceedings, which involve numerous parties.

In other words, American Vehicle seeks to obtain determinations on issues in this Court before those same issues are determined in the Fields Suit or the Hernandez Suit. American Vehicle apparently hopes to obtain interpretations of the findings of the Arbitration Panel in its Award prior to the time those determinations are made in the Fields Suit or Hernandez Suit. Above all, American Vehicle is hijacking the state court proceeding. It is patently obvious that the equities point to a dismissal of the present claims by this Honorable Court.

## 5.     Inconvenience to the Parties or the Witnesses

If this action were to stay on the Court's docket, there would be a tremendous inconvenience to the parties and witnesses. Witnesses would be required to be deposed in both the state court proceedings and this proceeding even after having hearings in the Hernandez Suit on the confirmation of the Arbitration Award against K&D. Potentially, witnesses would be forced to testify at two trials. Southgate would be required to litigate in yet *another* forum even after a five year Arbitration Proceeding (with a five month hearing) and additional litigation before Judge Hernandez relating to the enforcement of the Final Arbitration Award from the Arbitration Proceeding. Such inconveniences again point to a dismissal by this Court of the claims by American Vehicle.

6.     **Comity and Judicial Economy Dictate that American Vehicle's Declaratory Action Be Dismissed**

The Southgate Litigation has been pending for five years in state court with all the insurers as parties. The state court proceeding is the only forum that the insurance issues can be determined. La. R.S. 22:1269. *Doucet v. Dental Health Plans Management Corporation, supra.* The Arbitration Proceeding, which was concluded on December 20, 2010, was an arbitration proceeding conducted under Louisiana state law. The findings of the Panel from the Arbitration Proceeding are currently under review by Judge Hernandez of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Judicial economy dictates that this declaratory action filed by American Vehicle belongs in Louisiana state district court where all other parties are present and all other Southgate litigation is pending. Southgate should not have to litigate these issues in separate forums after five years of litigation. The Louisiana state district court has the power to grant relief sought by American Vehicle and any other remaining issues may be decided by the Louisiana state district court at that time. Further, by having the Louisiana state district court decide these matters, it will prevent rulings that are inconsistent with the multiple cases ongoing involving Southgate litigation in Louisiana state district court.

American Vehicle has filed this declaratory action under the diversity jurisdiction of this Court. **There are no federal questions in the case at bar.** So, as in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), while this Honorable Court may technically have jurisdiction over this matter, it is "under no compulsion to exercise that jurisdiction." *Id.* at 494-495. Rather, dismissal of this declaratory action is well within the discretion of the Court. *Id.* (citations omitted). The *Brillhart* court noted:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, *not governed by federal law,* between the same parties. Gratuitous

interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* (emphasis added).

7.    **Whether The Federal Court Is Being Called On To Construe A State Judicial Decree Involving The Same Parties And Entered By The Court Before Whom The Parallel State Suit Between The Same Parties Is Pending.**

The Arbitration Proceeding, which was concluded on December 20, 2010, was an arbitration proceeding conducted under Louisiana state law. The findings of the Panel from the Arbitration Proceeding are currently under review by Judge Hernandez of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.  This Court will be called upon to construe the Arbitration Award, and the ruling of Judge Hernandez on the scope and enforceability of the award. It is likely the rulings of Judge Hernandez may be appealed to the First Circuit and the Louisiana Supreme Court.  If this Court assumes jurisdiction over this case, multiple courts will be interpreting the same orders for purpose of insurance coverage and this may lead to inconsistent determinations. There is a parallel state court proceeding involving all of the parties and their insurers pending in state court that will fully resolve the controversy.  It is judicially inefficient and asking for inconsistent results when coverage could possibly be determined against American Vehicle in federal court and Southgate and other multiple other insurers will be arguing for the same coverage in the Fields Suit.  An inconsistent determination on the issue of causation and time periods for coverage between this federal court and the Louisiana state court could needlessly complicate an already complicated situation.

Simply put, the Court has before it only an incomplete set of parties and claims, but the Louisiana state court action encompasses the complete controversy in the Fields Suit. To allow the American Vehicle declaratory action to proceed "would amount to the unnecessary and

inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in *Brillhart* and *Wilton*.

## **PRACTIAL CONSIDERATION**

If Southgate's motion to dismiss is not granted, this Court will be overwhelmed with other insurers from the state court action filing the same type of motions and lawsuits to move the state court proceedings to federal court after five years of litigation in state court.

## **CONCLUSION**

Accordingly, **SOUTHGATE RESIDENTIAL TOWERS, LLC** and **SOUTHGATE PENTHOUSES, LLC** respectfully request that this Honorable Court dismiss American Vehicle Insurance Company's lawsuit and grant to **SOUTHGATE RESIDENTIAL TOWERS, LLC** and **SOUTHGATE PENTHOUSES, LLC** all other relief to which **SOUTHGATE RESIDENTIAL TOWERS, LLC** and **SOUTHGATE PENTHOUSES, LLC** are entitled.

Respectfully submitted:

**PREIS GORDON, APLC**

s/Phillip W. Preis
Phillip W. Preis, Bar Roll No. 10706
Charles M. Gordon, Jr., Bar Roll No. 23758
Crystal D. Burkhalter, Bar Roll No. 27396
Caroline P. Graham, Bar Roll No. 31295
Charles M. Thompson, Bar Roll No. 32728
2150 Bank One Centre - North Tower
450 Laurel Street (70801-1817)
Post Office Box 2786 (70821-2786)
Baton Rouge, Louisiana
Telephone: (225) 387-0707
Facsimile: (225) 344-0510

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following ECF participants and I will mail a copy of same to each non-ECF participant by First Class United States mail, properly addressed and postage prepaid:

James A. Prather
Mark E. Seamster
Galloway, Johnson, Tompkins, Burr & Smith, APLC
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana  70471
jprather@gjtbs.com
mseamster@gjtbs.com

s/Phillip W. Preis
Phillip W. Preis